United States District Court
Southern District of Texas
**ENTERED**
June 19, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| HAROLD BROWN, §<br>　　*Petitioner*, §<br>§<br>v. §<br>§<br>LORIE DAVIS, §<br>Director, Texas Department of §<br>Criminal Justice–Correctional §<br>Institutions Division, §<br>　　*Respondent*. § | CIVIL ACTION NO. 4:17-CV-02237 |

## **MEMORANDUM AND RECOMMENDATION**

This petition for writ of habeas corpus filed under 28 U.S.C. § 2254 has been referred to this magistrate judge for report and recommendation. (Dkt. 3). The court recommends that respondent's motion for summary judgment (Dkt. 8) be granted, petitioner's cross-motion for summary judgment (Dkt. 13) be denied, and the petition be dismissed.

## **Background**

Petitioner Harold Brown challenges his conviction for capital murder. He was charged with shooting and killing multiple people during an altercation at a local nightclub. On February 17, 2014, a jury in the 208th District Court for Harris County found Brown guilty as charged and sentenced him to life without parole. On direct appeal Brown argued that the trial court erred by: (1) admitting an in-court identification by a witness; (2) admitting Brown's statement to police; and (3) including an instruction in the jury charge on voluntary intoxication. The Fourteenth Court of Appeals rejected these claims and affirmed the conviction in an unpublished opinion. *See Brown v. State*, No.

14-14-00165-CR, 2015 WL 4930860 (Tex. App. – Houston [14th Dist.] Aug. 18, 2015). The Texas Court of Criminal Appeals refused Brown's petition for discretionary review on November 18, 2015. *See id.* He did not file a petition for writ of certiorari to the United States Supreme Court.

While his appeal was pending, Brown challenged his conviction in a state application for writ of habeas corpus filed on November 12, 2015 (Dkt. 9-37 at 5-27), arguing that: (1) the charging and arrest instrument was null and void because of alleged defects in the probable cause statements made by the charging officer; (2) the District Attorney's office illegally arrested and charged him with capital murder when the charging and arrest instrument was null and void; (3) the prosecutor committed misconduct by covering up his unlawful arrest and relying on an indictment that was not issued until after he had already been arrested; (4) the indictment was fatally defective because it did not set out each claim and offense in separate counts as mandated by the Texas rules; (5) the state used illegal investigative methods to manipulate witnesses to identify him as the perpetrator by stating it had a "pocket warrant" for his arrest even though no such thing exists; (6) the trial judge lacked jurisdiction because the case was pending in the 208th District Court before Judge Denise Collins but was instead heard by Judge Wayne Mallia of the 337th District Court; (7) defense counsel conspired with the state to violate his civil rights by failing to contest the void charging document, contest the illegal arrest, challenge the transfer to another court, contest the "pocket warrant," and by failing to obtain funds to hire a medical expert, DNA expert, gun powder residue expert, or mental health expert; and (8) he was denied a fair trial before an impartial fact-

2

finder because the judges conspired to illegally transfer his case to the 337th for trial and fabricated documents to accomplish the conspiracy. Because his direct appeal was still pending, his conviction was not final and the application was dismissed.

Brown then filed a federal habeas petition arguing the same eight points. That petition was dismissed without prejudice because he had not exhausted his claims in state court. *Brown v. Davis*, No. 4:16-CV-0804, 2016 WL 4540863 (S.D. Tex. Aug. 30, 2016). Brown returned to the state courts and filed a second application for writ of habeas corpus on November 12, 2016, repeating verbatim his claims from the first state application. (Dkt. 9-32 at 6-28). The appellate court ordered Brown's criminal trial attorney to file an affidavit responding to the allegations of ineffective assistance of counsel set forth in point seven. Relying, in part, on that affidavit and declining to hold an evidentiary hearing, the state district court, sitting as a habeas court, proposed findings of facts and conclusions of law in which it determined that the claims raised in points one through five of the application were procedurally barred because they were "record claims" that Plaintiff was required to, but didn't, raise on direct appeal. On the remaining three points, the trial court determined that Brown failed to meet his burden to show that the court lacked jurisdiction or that his counsel was ineffective. The trial court further found that the case was tried in the 208th District Court and had not been transferred to the 337th District Court.

The trial court recommended that Brown's application be denied. On June 14, 2017, the Texas Court of Criminal Appeals denied petitioner's state habeas application without written order on findings of the trial court without a hearing. Brown then filed his

3

second federal petition on June 26, 2017 (Dkt. 1), asserting the same eight points of error, in the same order, made in his state applications for writ of habeas corpus.[1]

**<u>Claims 1-5 are Procedurally Barred</u>**

Federal review of a claim is procedurally barred if the last state court to consider the claim unambiguously based its denial of relief on procedural default. *Ylst v. Nunnemaker*, 501 U.S. 797, 802–04 (1991). Under Texas jurisprudence, the writ of habeas corpus should not be used to litigate matters which should have been raised on direct appeal. *Ex parte Goodman*, 816 S.W.2d 383, 385 (Tex.Crim.App. 1991). The federal courts recognize Texas's procedural default rule concerning the requirements that record claims must be raised on direct appeal. *Aguilar v. Dretke*, 428 F.3d 526, 535 (5th Cir. 2005).

In points of error one through five, Brown argues: 1) the charging instrument was void; 2) his arrest was illegal because the charging instrument was void; 3) the prosecutor covered up the illegal arrest with a void indictment; 4) the indictment was void because it did not comply with the requirements of the Texas Criminal Procedure Code; and 5) the state used an illegal "pocket warrant" to coerce witnesses. The state habeas court determined these were "record claims" that Brown failed to raise on direct appeal. Accordingly, he was procedurally barred from raising them for the first time in the state habeas application. Because petitioner did not raise such claims on direct appeal, and the last court to consider such claims expressly and unambiguously based its denial of relief

---

[1] Because the federal petition makes the same substantive arguments, in the same order, as the two state applications, it is not necessary to repeat those contentions here.

on a state procedural default, these claims are barred absent a showing of cause and prejudice or a fundamental miscarriage of justice.

Plaintiff does not provide any explanation for his failure to raise these five claims on direct appeal. Nor has he clearly alleged that there was a fundamental miscarriage of justice.[2] Even construing his petition broadly, Brown does not present any new or reliable evidence to establish factual innocence and makes no showing of cause and prejudice for his failure to raise these claims on direct appeal.

Further, even though the state habeas court dismissed Brown's first five points of error because they were procedurally defaulted, it in fact did consider these claims and found them to be meritless. Specifically, when considering the ineffective assistance of counsel claim, the state habeas court determined the complaint and indictment were not deficient but satisfied the relevant Texas Criminal Procedure Code provisions and it was not error by the attorney to fail to object to those items. Dkt. 9-33 at 23. From that, it follows that his arrest and the state's reliance on the complaint and indictment at trial were proper. The state habeas court further found that Brown's trial attorney did not challenge the "pocket warrants" because he saw no legal reason to do so. The habeas court concluded that the attorney's failure to challenge the pocket warrants did not rise to the level of ineffective assistance of counsel.

Since Brown has provided no explanation for his failure to raise these claims on direct appeal, no evidence he is actually innocent, and no evidence these claims are

---

[2] "The fundamental miscarriage of justice exception is confined to cases of actual innocence, where the petitioner shows, as a factual matter, that he did not commit the crime of conviction." *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (internal citation omitted).

meritorious, claims one through five in his petition should be dismissed because they are procedurally barred.

**<u>Claims 6-8</u>**

Respondent also moves for summary judgment on Brown's remaining claims, six through eight, on the grounds that petitioner has failed to meet his burden of proof under the Antiterrorism and Effective Death Penalty Act (AEDPA) and those claims fail on the merits. (Docket Entry No. 13). The AEDPA, codified as amended at 28 U.S.C. § 2254(d), "substantially restricts the scope of federal review of state criminal court proceedings." *Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000). Specifically, the AEDPA has "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under the law." *Bell v. Cone*, 535 U.S. 685, 693 (2002). In habeas cases at the summary judgment stage, state court findings of fact are presumed to be correct unless the petitioner can rebut the presumption by "clear and convincing evidence." *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002). The petitioner retains the burden to prove that he is entitled to habeas corpus relief. *Williams v. Taylor*, 529 U.S. 362 (2000).

In this case, Brown presented his claims in a state habeas corpus application, which the Texas Court of Criminal Appeals denied without written order based on the trial court's findings of fact. As a matter of law, a denial of relief by the Court of Criminal Appeals serves as a denial of relief on the merits of a claim. *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000) (*citing Ex parte Torres*, 943 S.W.2d 469, 472 (Tex.Crim.App.

1997)). Accordingly, Brown's three remaining claims—that the trial judge lacked jurisdiction (claim six), his trial counsel was ineffective (claim seven) and the state court judges filed false judicial documents to hide an improper transfer to the 337th District Court (claim eight)—have been adjudicated on the merits at the state court level. The AEDPA precludes relief unless he shows that the state court's adjudication of those claims:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1), (2); *Williams*, 529 U.S. at 411–13; *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A federal court's review is restricted to the objective reasonableness of the state court's "ultimate decision, not every jot of its reasoning." *Santellan v. Cockrell*, 271 F.3d 190, 193 (5th Cir.2001) (*citing Cruz v. Miller*, 255 F.3d 77, 86 (2nd Cir. 2001) (noting that even where a state court makes a mistake in its analysis, "we are determining the reasonableness of the state court's 'decision,' . . . not grading their papers")).

Brown has not met his threshold burden of demonstrating that the state habeas court's denial of these claims constituted either an unreasonable application of federal law or an unreasonable determination of the facts in light of the evidence. After considering claim six, the state habeas court held that the trial court acquired jurisdiction when a grand jury indicted Brown, so there was no merit to his contention that the court and

judge lacked jurisdiction. Rather than showing how the Texas Court of Appeals erred in this finding, Brown merely insists there is error and makes the same arguments he made in his state application for writ of habeas corpus. The same is true of his allegation of ineffective assistance of counsel in claim seven. The state habeas court discussed each specific allegation of ineffectiveness raised by Brown and found there was no merit to any of his arguments. Brown makes no attempt to show the factual determinations found by the trial court to support its decision on this point were unreasonable. It is the same with his final contention that the state conspired to hide the transfer of his trial from the 208th District Court to the 337th District Court. The state habeas court determined there was no transfer, and the matter was in fact tried in the 208th District Court. Accordingly, if the case was not transferred, there could be no conspiracy to hide the transfer and no merit to the claim. Brown has not shown that the trial court was unreasonable or wrong in its determination that there was no transfer.[3]

**Evidentiary Hearing**

In his cross-motion for summary judgment, Brown, inartfully, requests an evidentiary hearing. (Dkt. 13 at 18) ("This court should order Mr. Craig W. Cosper to appear at a hearing with this pocket warrant."). It was Brown's obligation to develop the

---

[3] Brown's real complaint in points six and eight seems to be his dissatisfaction with Judge Wayne Mallia of the 337th District Court presiding over the trial rather than Judge Denise Collins of the 208th District Court. The evidence shows that Judge Wayne Mallia, as a visiting judge in the 208th District Court, presided over petitioner's trial. (Dkt. 9-8 at 9). Brown's lawyer at trial did not object to Judge Mallia hearing the case because Judge Mallia is a "fair judge." (Dkt. 9-33 at 2). The state habeas court determined the matter was tried in the 208th District Court and the evidence supports that conclusion. Brown has produced no evidence controverting that conclusion, nor any evidence that the outcome of the trial would have differed under Judge Collins since both guilt and punishment were decided by the jury, not the judge.

8

factual basis for his claims in the state court proceedings. When, as here, he failed to do so, he is not entitled to an evidentiary hearing unless he shows:

A) The claim relies upon: (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

B) The facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for the constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2). If the failure to develop the record below is not the fault of the petitioner, but results from the state court's refusal to permit additional discovery, the district court retains discretion to grant an evidentiary hearing if the petitioner otherwise satisfies the narrow restrictions of § 2254(e)(2). *Clark v. Johnson*, 202 F.3d 760, 765 (5th Cir. 2000). However, Brown has no right to a hearing unless there is a factual dispute that, if resolved in his favor, would entitle him to relief and the state did not afford him a full and fair hearing. *Id.*

Brown does not argue that he was not given a full and fair hearing at the state level. In this case, the state habeas court decided his claims after reviewing the records and considering the affidavit testimony of his trial attorney. "[A] paper hearing is sufficient to afford a petitioner a full and fair hearing on the factual issues underlying the petitioner's claims, especially where, as here, the trial court and the state habeas court were one [and] the same." *Id.* at 766. He also has not identified a factual dispute that would entitle him to relief. While he seeks production of the "pocket warrant," the state habeas court considered his argument about the impropriety of the "pocket warrant"

during its consideration of his ineffective assistance of counsel claim and rejected his argument. Even if Brown proves the "pocket warrant" does (or does not) exist, he will still not be entitled to relief. Because Brown was provided a full and fair hearing by the state court on his claims, and because there is no factual dispute which, if proven true, would entitle him to relief, an evidentiary hearing is not necessary.

**Conclusion and Recommendation**

For these reasons, it is recommended that Davis's motion be granted and that Brown's petition and his cross-motion be denied. It is further recommended that Brown's request for an evidentiary hearing be denied.

Brown has not made a substantial showing that he was denied a constitutional right or that it is debatable whether this court is correct in a procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, the court recommends that a certificate of appealability not issue.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(c); FED. R. CIV. P. 72.

Signed at Houston, Texas on June 18, 2018.

Stephen Wm Smith
United States Magistrate Judge